# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 01-60589
Summary Calendar

MARVIN MCGEE,

Plaintiff - Appellant,

versus

WAL-MART STORES  INC; JOHN DOES 1-5

Defendants - Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi, Jackson
(USDC 3:00-CV-465-BN)

December 28, 2001

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges

PER CURIAM:[*]

Marvin McGee appeals a grant of summary judgment in favor of Wal-Mart

Stores, Inc., contending that the district court abused its discretion by denying his

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Federal Rule of Civil Procedure 56(f) motion for continuance. Finding and concluding that McGee did not diligently perform discovery, we find no error in the district court's denial of the motion for continuance.

McGee filed this tort action for personal injuries against Wal-Mart in Mississippi state court on May 22, 2000. The case was removed to federal court on June 20, 2000. The trial court *a quo* ultimately established a discovery cutoff date of May 4, 2001. On May 18, 2001, Wal-Mart moved for summary judgment.

McGee moved for a continuance, based on Federal Rule of Civil Procedure 56(f), asserting that he could not properly respond to Wal-Mart's motion without deposing two Wal-Mart employees and a security guard. He also claimed that he did not discover until May 17, 2001 that Wal-Mart employed Crystal Clean, Inc., to clean the parking lot in question. McGee subpoenaed relevant Crystal Clean documents on May 23, 2001. McGee, though, never filed a response to Wal-Mart's motion for summary judgment.

On June 28, 2001, the district court denied the motion for continuance because 1) McGee did not specify in his affidavit the information further discovery would likely produce; and 2) McGee failed to obtain the needed discovery because of a lack of diligence. It then granted summary judgment in favor of Wal-Mart because McGee failed to demonstrate a genuine issue of material fact.

We review a Federal Rule of Civil Procedure 56(f) motion for continuance for an abuse of discretion.[1]

We find the district court did not abuse its discretion in denying McGee's motion. As the district court noted, McGee both missed the discovery deadline and failed, in the time he gained through filing a motion for continuance, to file a response to Wal-Mart's request for summary judgment. As we stated in International Shortstop, Inc. v. Rally's, Inc.[2]:

> Where the party opposing the summary judgment informs the court that its *diligent* efforts to obtain evidence from the moving party have been unsuccessful, a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course. If, however, the nonmoving party has not diligently pursued discovery of that evidence, the court need not accommodate the nonmoving party's belated request.[3]

It is clear from the facts that McGee did not diligently pursue the discovery of the evidence he claims is necessary. The district court decision not to accommodate McGee's request for a continuance is unfortunate for McGee, but the trial court in no way abused its discretion in denying the request. We find no error in the district court's denial of the motion for continuance.

---

[1] Liquid Drill, Inc. v. U.S. Turnkey Exploration, Inc., 48 F.3d 927, 930 (5th Cir. 1995).

[2] 939 F.2d 1257 (5th Cir. 1991).

[3] Id. at 1267 (internal quotations and citations omitted) (emphasis added).

AFFIRMED.